```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

UNITED STATES OF AMERICA,

                                              **Hon. Hugh B. Scott**

v.

                                              09CR44A

                                              **Report**
GALEN ROSE,                                       **&**
                                              **Recommendation**

                    Defendant.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 7). The instant matter before the Court is defendant's motion to dismiss the Indictment on statute of limitations grounds (Docket No. 9). The Government has filed responding papers (Docket No. 11) and oral argument was heard on June 22, 2009 (Docket No. 12).

## BACKGROUND

Defendant is charged with one count of intentionally possessing marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 4, and conspiring to possess with intent to distribute (between 1999 and April 2005) marijuana, in violation of 21 U.S.C. § 846 (Docket No. 1, Indict.). The Indictment was filed on February 6, 2009 (id.; see Docket No. 9, Def. Atty. Aff. ¶ 4).

Defendant contends that this Indictment violates the statute of limitations, 18 U.S.C. § 3282(a), which provides (in relevant part) that no person shall be prosecuted for any offense

unless the Indictment is found within five years next after such offense has been committed (Docket No. 9, Def. Atty. Aff. ¶ 5). He argues that the Indictment charges crimes that occurred as late as 1999, beyond the five-year period, failing to allege essential facts (such as specific dates when the offense actually occurred within the five-year period) (id. ¶ 6).

The Government replies that the time frame for defendant's offenses is in or about 1999 until in or about April 2005, relying upon the most recent date of that range to conclude that the Indictment is timely, charging activities that are less than four years old (Docket No. 11, Gov't Response at 2-3). The Government contends that the Indictment charges a continuing conspiracy to distribute marijuana from 1999 to April 2005 and, as a continuing crime, the statute of limitations begins to run when the crime is complete (id. at 4-5, citing Toussie v. United States, 397 U.S. 112, 115, 122 (1970); United States v. Rivera-Ventura, 72 F.3d 277, 281 (2d Cir. 1995); United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1190 (2d Cir.) (possession with intent to distribute is continuing crime, for venue purposes), cert. denied, 493 U.S. 993 (1989)), see also United States v. Davis, 666 F.2d 195, 199-200, 199 n.5 (5th Cir. Unit B 1982) (cited in Beech-Nut, supra, 871 F.2d at 1190). A conspiracy is also a continuing offense and is completed where the object of the conspiracy either has been accomplished or abandoned (id. at 5, citing United States v. Eppolito, 543 F.3d 25, 47 (2d Cir. 2008); United States v. Rastelli, 870 F.2d 822, 838 (2d Cir.), cert. denied, 493 U.S. 982 (1989)). The Government concludes that the Indictment is sufficient (id. at 6, 3-4).

## DISCUSSION

*Statute of Limitations*

For non-capital offenses (such as marijuana possession and conspiracy to possess marijuana for distribution), the limitations period is five years "after such offense shall have been committed," 18 U.S.C. § 3282(a). The issue here is whether a conspiracy running from 1999 to 2005 can be timely prosecuted in 2009.

The conspiracy and possession with intent to distribute alleged in the Indictment here are continuing offenses, completed at the last overt act (or for the conspiracy count, either commission of that overt act or abandonment of the conspiracy). As alleged, the last act occurred in 2005. As a result, the Indictment is not time barred and defendant's motion to dismiss on statute of limitations grounds should be **denied**.

## CONCLUSION

Based upon the above, it is recommended that defendant's motion to dismiss the Indictment on statute of limitations grounds (Docket No. 9) be **denied**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
July 8, 2009