UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                              **Hon. Hugh B. Scott**

v.

                                              09CR44A

                                              **Order**

GALEN ROSE,

                Defendant.

This matter is referred to the undersigned to hear and determine pretrial matters pursuant to 28 U.S.C. § 636 (b)(1)(A) and, pursuant to 28 U.S.C. § 636(b)(1)(B), to submit proposed findings of fact and recommendations for the disposition of any motion excepted by 28 U.S.C. § 636(b)(1)(A) (Docket No. 7).

The instant matter before the Court are the defendant's motion for a Bill of Particulars (Docket No. 8) and his omnibus motion for discovery and other relief (Docket No. 10) which seeks the following relief: discovery pursuant to Rule 16 and United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991); disclosure of evidence concerning informants, production of Brady material; disclosure of Jencks Act materials; expert witness disclosure; disclosure of Federal Rule of Evidence 403, 404(b), and 609 evidence; disclosure of Rule 807 residual exception statements. Defendant's separate motion to dismiss (on statute of limitations grounds) (Docket No. 9) will be considered in a separate Report & Recommendation.

The Government has filed responding papers (Docket No. 11) and oral argument was heard on June 22, 2009 (Docket No. 12). The Government also moves for reciprocal discovery (Docket No. 11, Gov't Response at 18-19).

**BACKGROUND**

Defendant is charged with one count of intentionally possessing marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 4, and conspiring to possess with intent to distribute (between 1999 and April 2005) marijuana, in violation of 21 U.S.C. § 846 (Docket No. 1, Indict.).

**DISCUSSION**

I.  Discovery and Disclosure Relief

Defendant first seeks various items of pretrial discovery. Although there is no general constitutional right to pretrial discovery in a federal criminal case, a defendant does have a pretrial discovery right with respect to certain matters. For example, under the Fifth Amendment's due process clause, a defendant is entitled to specific exculpatory evidence which is material either to guilt or punishment. In addition, the Government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500. The Government contends that it provided these materials through voluntary discovery and will provide additional discovery as it is provided to the Government (Docket No. 11, Gov't Response at 9).

A.      Statements

Pursuant to Rule 16(a)(1)(A) the defendant seeks any written or oral statements made by the defendant which are within the possession custody or control of the Government, or which through the exercise of due diligence, may become known to the Government.

Rule 16(a)(1)(A) provides that, upon request, the Government must disclose any written or recorded statements made by a defendant, before or after arrest, in response to interrogation by any person known to the defendant to be a Government agent; and recorded testimony of the defendant before the grand jury which relates to the offense charged.[1]  Failure of the Government to disclose a defendant's statements to a Government agent may rise to the level of constitutional due process violation, Clewis v. Texas, 386 U.S. 707 (1967).

In this case, the Government has represented that it believes that it has already disclosed all statements made by the defendant.  The Government also furnished defendant's statement at his arrest in New Hampshire (Docket No. 11, Gov't Response at 10).  To the extent that the Government has not yet done so, pursuant to Rule 16 (a)(1)(A) the Government is hereby directed to produce all such statements made by the defendant.

B.      Documents and Tangible Objects

Pursuant to Rule 16(a)(1)(C), defendant also seeks production of various documents, books, records, photographs, and other tangible objects in the possession, custody or control of the Government.  Defendant identified several specific categories of items which he seeks to be produced.

---

[1] Rule 16 (a)(2) expressly provides that subdivision (a)(1) does not authorize disclosure of statements made by Government witnesses or prospective Government witnesses except as provided in 18 U.S.C. § 3500, the Jencks Act.

The Government offers to allow defense inspection and copying of these items (Docke4t No. 11, Gov't Response at 11).

    C.    Examinations and Test Reports

Pursuant to Rule 16(a)(1)(D), the defendant has requested the production of the results of any physical or mental examinations or scientific tests, including but not limited to any such tests regarding the cocaine or firearms referenced in the indictment. The Government has responded that it has or will provide these reports (id.).

The Court assumes that the Government's production has satisfied the defendant's request in this regard.

II.    Disclosure of Informant Information

Next, defendant seeks disclosure of the names, addresses, and criminal records of informants used by the Government to investigate this case (Docket No. 10, Def. Motion ¶ 29). The Government denies the request as inapplicable (Docket No. 11, Gov't Response at 16).

The Government is not required to furnish the identities of informants unless it is essential to the defense. Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.), cert. denied, 489 U.S. 1089 (1988). Nor does Rule 16 require the Government to disclose the names of witnesses prior to trial. United States v. Bejasa, 904 F.2d 137, 139 (2d Cir.), cert. denied, 498 U.S. 921 (1990). The Court may order such disclosure but should do so only when "a specific showing that disclosure is both material to the preparation of the defense and reasonable in light of the surrounding circumstances," Bejasa, supra, 904 F.2d at 140.

In <u>Bejasa</u>, the court distinguished the situation where the undisclosed Government informant would be a surprise witness to the defense, that the defendant in that case knew of the Government witnesses and their addresses from previous encounters with them (but the Government refused to furnish their addresses and telephone numbers upon defense request), <u>id.</u> at 139-40. The defendant there failed to move to compel that disclosure and did not make a "specific showing," <u>id.</u> at 140 (emphasis in original deleted) that disclosure of more than their identities would be material to his defense, <u>id.</u> In <u>Roviaro</u>, the Court held that the informant was the sole witness that would amplify or contradict the government's witnesses as to defendant's conduct, 353 U.S. at 64, although Justice Clark in his dissent noted that defendant knew the identity of the informant, <u>id.</u> at 66.

Here, defendant has not demonstrated particularized need, beyond that the confidential informant being a participant or witness to the alleged offense, to warrant identifying the informant. Defendant's motion on this ground is **denied**.

III.  <u>Brady</u> Material

Defendant has requested that the Government disclose all materials potentially favorable to each of them, including information to be used for the impeachment of the Government's witnesses, as required under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny (Docket No. 10, Def. Atty. Aff. ¶ 30). <u>Brady</u> material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching . . . [and] [a]ny and all records and information

5

revealing prior misconduct . . . attributed to the [Government's] witness." United States v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).

Defendant's motion identifies numerous specific categories of documents encompassing both exculpatory and impeachment Brady materials which they seek to obtain. The Government's written response is that it agrees to provide impeachment Brady material and acknowledges its continuing obligation to provide exculpatory and impeachment materials but defendant's insistence upon immediate production is unwarranted (Docket No. 11, Gov't Response at 15, 13). The Government is willing to produce this material pursuant to the District Judge's pretrial Order (id. at 15).

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the Court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, . . . sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial . . . so that those abhorrent lengthy pauses at trial to examine documents can be avoided." United States v. Percevault, 490 F.2d 126 (2d Cir. 1974); United States v. Green, 144 F.R.D. 631 (W.D.N.Y. 1992) (Heckman, Mag. J.).

The instant case does not appear to be unusually complex. Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for

6

the defendant to have a fair opportunity to utilize the information at trial) is sufficient in this case.

IV.     Jencks Act

Defendant seeks disclosure of material subject to the Jencks Act, 18 U.S.C. § 3500, at least thirty days before trial (Docket No. 10, Def. Atty. Aff. ¶ 31). The Jencks Act governs the disclosure of information and statements relating to the Government's witnesses. Generally, according to the Jencks Act, the Government need not disclose such information regarding its witnesses until <u>after</u> the witness has testified at trial. In this case, the Government agrees to produce this information pursuant to the pretrial Order of the trial court (<u>see</u> Docket No. 11, Gov't Response at 16). Defendant **has not established** that prior disclosure of Jencks material any earlier than when the Government proposes to provide it is essential to the preparation of a defense in this case.

V.      Expert Disclosure

Pursuant to Rule 16(a)(1)(G), defendant seeks a written summary of any expert testimony that the Government intends to use in its direct case, along with the expert's qualifications, and the basis for the expert's opinion, whether or not the expert files a report (Docket No. 10, Def. Atty. Aff. ¶ 32).

The Government offers to comply with defendant's expert requests pursuant to the trial Court's pretrial Order (Docket No. 11, Gov't Response at 17). This request is **granted**.

VI.     Rules 404(b), 608, 609 Disclosures

Defendant next requests disclosure of all evidence of prior bad acts that the Government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b), as well as Rule

7

403 and 609 disclosures (Docket No. 10, Def. Atty. Aff. ¶¶ 33-34). Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." The Government has represented that it will advise defendant of its intention to use "other acts" evidence or Federal Rule of Evidence 608(b) or 609 evidence when it produces Jencks Act material, again pursuant to the trial Court's pretrial Order (Docket No. 11, Gov't Response at 12). **This is sufficient in this case**.

VII. Federal Rule of Evidence 807 Residual Exception Statements

Defendant next seeks notice from the Government of any residual exception statements it intends to disclose, including the name and address of the declarant (No. 10, Def. Atty. Aff. ¶¶ 35-36). The Government does not respond to this request. Therefore, if such material exists, the Government **should produce it forthwith**.

VIII. Bill of Particulars

Separately, defendant seeks a Bill of Particulars from the Government (Docket No. 8). The Government opposes such a Bill, arguing that the Indictment is sufficiently clear to allow the defendant to know the charges against him, to allow him to prepare his defense, and to avoid double jeopardy (Docket No. 11, Gov't Response at 7-9).

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars, and it is within this Court's discretion to order such a filing, Wong Tai v. United States, 273 U.S. 77, 82 (1927). Bills of Particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial. United States v. Torres, 901 F.2d 205 (2d Cir. 1990). The Government is

not obligated to "preview its case or expose its legal theory," <u>United States v. LaMorte</u>, 744 F. Supp. 573 (S.D.N.Y. 1990); <u>United States v. Leonelli</u>, 428 F. Supp. 880 (S.D.N.Y. 1977), nor must it disclose the precise "manner in which the crime charged is alleged to have been committed," <u>United States v. Andrews</u>, 381 F.2d 377 (2d Cir. 1967).

Upon review of the Indictment, the Court finds that defendant **is not** entitled to a Bill of Particulars inasmuch as he is sufficiently advised of the charges against him to allow for the proper preparation of a defense, to avoid surprise at trial, and to protect the defendant from double jeopardy.

IX.    Reciprocal Government Discovery

The Government has moved for reciprocal discovery from defendant (Docket No. 11, Gov't Response at 18). Under Rule 16, the Government is entitled to production of documents in defendants' possession that they intend to use in their respective case-in-chief. Defendants are reminded of their obligations under Rule 16 to produce. That request is **granted**.

**CONCLUSION**

For the reasons stated above, so much of defendant's omnibus motion (Docket No. 10) seeking various forms of discovery is **granted in part, denied in part**, as discussed in detail above. Defendant's motion for a Bill of Particulars (Docket No. 8) is **denied**. The

Government's cross motion for reciprocal discovery (Docket No. 11, Gov't Response at 18) is **granted**.

So Ordered.

*/s/ Hugh B. Scott*
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
July 8, 2009